UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TY EVANS, <br> RICHARD MITCHELL, <br> OTHA HAMILTON, <br><br>                 Plaintiffs, <br><br>    vs. <br><br> ALBERTA POTTER, et al., <br><br>                 Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    No. 1:13-cv-049-LJM-MJD <br> ) <br> ) <br> ) <br> ) |

**Entry Concerning Selected Matters**

**I.**

Plaintiff Mitchell's motion for ruling on class certification [7] is **granted** to the extent that a ruling shall be made in this Entry but is **denied** to the extent that the plaintiffs seek class certification.

The three plaintiffs are confined at the Pendleton Correctional Facility. They allege that their First Amendment rights were violated when they were banned from receiving a book titled *P.C. Guidebook: The Complete Guide to Post-Conviction Relief for the Pro Se Petitioner.* They allege they ordered the book, authored by plaintiff Evans, but the Indiana Department of Correction ("IDOC") banned all Indiana prisoners from obtaining the book. The proposed class consists of all current and future prisoners confined in the IDOC.

Rule 23(a) of the *Federal Rules of Civil Procedure* establishes four prerequisites for class certification: "(1) [that] the class is so numerous that joinder of all its members is impracticable, (2) [that] there are questions of law or fact common to the class, (3) [that] the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) [that] the representative parties will fairly and adequately protect the interests of the class." *Fed.R.Civ.P.* 23(a). Class certification is not appropriate unless the named plaintiff establishes all four prerequisites. *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 156 (1982).

Due process mandates that the fourth requirement--competent representation--be "stringently applied," because "members of [a] class are bound [by the judgment in a class action suit] unless they exercise their option to be excluded, even though they may not be actually aware of the proceedings." *Albertson's, Inc. v. Amalgamated Sugar Co.*, 503 F.2d 459, 463-64 (10th Cir. 1974); *Mechigian v. Art Capital Corp.*, 612 F. Supp. 1421, 432 (S.D.N.Y. 1985). Adequacy of representation is measured by a two-pronged test: there must be an "absence of . . . potential conflict between the named plaintiffs and the absent class members," and "the parties' attorneys [must] be qualified, experienced, and generally able to conduct the proposed litigation." *Margolis v. Caterpillar, Inc.*, 815 F. Supp. 1150, 1157 (C.D.Ill. 1991).

The plaintiffs meet neither prong. First, each is a member of the class he seeks to represent. Courts have held that "the potential for conflicts of interest militates against certifying a class in which the class representatives seek to also act as class counsel." *Loden v. Edgar*, 1994 WL 97726, at *1 (N.D.Ill. Mar. 22, 1994); *see also Wagner v. Taylor*, 836 F.2d 578, 595-96 & n.126 (D.C.Cir. 1987). Second, the plaintiffs are *pro se* litigants. *See Lasley v. Godinez*, 833 F.Supp. 714, 715 n.1 (N.D.Ill. 1993) (pro se prisoners could not adequately represent class of inmates); *Turner-El v. Illinois Bd. of Education*, 1994 WL 27874, at *1 (N.D.Ill. Jan. 31, 1994) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant.")(*citing Phillips v. Tobin*, 548 F.2d 408, 413-14 (2d Cir. 1976): *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D.Wis. 1983)).

On the basis of the foregoing, therefore, the plaintiffs' request for class certification [1, 7] is **denied.**

## II.

Plaintiff Mitchell's motion to proceed *in forma pauperis* [8] is **granted.** Mr. Mitchell is assessed an initial partial filing fee of Four Dollars and Fifty Cents ($4.50). He shall have **through March 29, 2013,** in which to pay this sum to the clerk of the district court.

## III.

Plaintiff Hamilton's motion to proceed *in forma pauperis* [10] is **granted.** Mr. Hamilton is assessed an initial partial filing fee of Nine Dollars and Zero Cents ($9.00). He shall have **through March 29, 2013,** in which to pay this sum to the clerk of the district court.

## IV.

The second paragraph of the Entry of January 14, 2013, is **modified** to the extent that the $350.00 filing fee paid on January 10, 2013, was paid by plaintiff Ty Evans and shall be credited accordingly.

**IT IS SO ORDERED.**

Date: 02/14/2013

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

**Financial Deputy Clerk**

Ty Evans
158293
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Richard Mitchell
875730
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Otha Hamilton
217667
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064